IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEREMY EUGENE BROWN,

        Plaintiff,

vs.                              Case No. 19-3229-SAC

JACK LAURIE and
TRAVIS WRIGHT,

        Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging that money has been improperly charged to his inmate account at the Atchison County Jail. Plaintiff asserts that the balance on his account is negative $240.00 because of unauthorized charges and that he has not been allowed to see a copy of his account and the charges. Plaintiff filed this action on November 4, 2019 and since that time it appears that he has received a copy of this account and the charges. See Doc. No. 6 (filed December 18, 2019). Plaintiff has sought leave to proceed in forma pauperis. Doc. No. 2. This shall be granted.

Plaintiff claims his rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution have been violated. This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

1

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant's conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir.2009), cert. denied, 558 U.S. 1148 (2010). The court may also consider the exhibits

attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

II. Analysis

A. First Amendment

Plaintiff asserts that defendants have denied him access to the court by obstructing his access to prison account information he needs to make application for leave to proceed in forma pauperis. These assertions fail to state a First Amendment claim for denial of access to the courts for a number of reasons. First,

3

plaintiff has received some measure of prison account information. Second, the court will grant plaintiff leave to proceed in forma pauperis. And, finally, plaintiff has not alleged that he has been denied the opportunity to bring a valid court claim. See Lewis v. Casey, 518 U.S. 343, 351-53 (1996)(for the denial of a right of access to the courts, plaintiff must allege an actual injury or an imminent actual injury because of the loss or frustration of a nonfrivolous legal claim).

B. Fifth Amendment

Plaintiff appears to claim that defendants have taken his property without due process. The Fifth Amendment Due Process Clause, however, applies to federal agencies while the Fourteenth Amendment Due Process Clause limits the authority of state agencies. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989); Wardle v. Ute Indian Tribe, 623 F.2d 670, 673 (10th Cir. 1980). The Fifth Amendment does not appear applicable here.

C. Sixth Amendment

The Sixth Amendment does not govern civil cases. Turner v. Rogers, 564 U.S. 431, 441 (2011). Plaintiff does not allege facts showing that defendants have denied him the protections of the Sixth Amendment in a criminal case. Therefore, plaintiff has not stated a claim for a Sixth Amendment violation.

4

D. Eighth Amendment

The Eighth Amendment prohibits excessive fines and cruel and unusual punishment. Plaintiff does not allege that he has been fined excessively as punishment for some offense. This is what the Eighth Amendment's excessive fines provision protects against. Timbs v. Indiana, 139 S.Ct. 682, 687 (2019); see also U.S. v. Bajakajian, 524 U.S. 321, 336-37 (1998)(adopting a "gross disproportionality" standard for an excessive fines case). Nor does he allege facts which approach a threshold for cruel and unusual punishment, i.e., the denial of the minimal civilized measure of life's necessities. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Therefore, he has not stated an Eighth Amendment claim.

E. Fourteenth Amendment

The Fourteenth Amendment protects against the deprivation of property by state officials without due process of law. See Martin Marietta Materials, Inc. v. Kansas Dept. of Transp., 810 F.3d 1161, 1171 (10th Cir. 2016). Plaintiff has failed to allege facts plausibly stating a Fourteenth Amendment violation for the following reasons. First, plaintiff has not specifically alleged that his property has been deprived. He has only alleged that he has a negative balance in his jail account. Second, this court has held that, whether negligent or intentional, the deprivation of personal property may be sued upon by an inmate under state law

5

in Kansas state court. McKeighan v. Corrections Corp. of America, 2008 WL 3822892 *5 (D.Kan. 8/13/2008). This is an adequate post-deprivation remedy for the loss of property which obviates a federal constitutional claim for the deprivation of property without due process. Id., citing Smith v. Maschner, 899 F.2d 940, 943 (10th Cir. 1990); Nye v. Riley, 2017 WL 1425599 *8 (N.D.Ala. 3/29/2017)(same); Ward v. Gloor, 2014 WL 2949454 *3 (S.D.Tex. 6/30/2014)(same); Meyer v. City of Russell, Kansas Police Dept., 2012 WL 4867379 *7 (D.Kan. 10/15/2012)(same); see also, Gee v. Pacheco, 627 F.3d 1178, 1194 (10th Cir. 2010)(inmate fails to state a due process claim because he does not allege a lack of adequate state remedy for property deprivation); Sawyer v. Green, 316 Fed.Appx. 715, 717 (10th Cir. 2008)(Kansas plaintiff challenging transactions involving jail account could bring a civil action in state court after exhausting administrative remedies).

III. Conclusion

    Plaintiff is granted leave to proceed in forma pauperis. But, for the above-stated reasons, the court believes that the complaint fails to state a claim. The court shall direct that plaintiff by April 17, 2020 show cause why plaintiff's claims should not be dismissed as explained in this order. In the alternative, plaintiff may file an amended complaint by April 17, 2020 which corrects the deficiencies discussed herein. An amended complaint supersedes the original complaint and must contain all of the

claims upon which plaintiff wishes to proceed.  An amended complaint should not refer back to the original complaint.  If plaintiff fails to respond in some manner by April 17, 2020, this case shall be dismissed.

**IT IS SO ORDERED.**

Dated this 16th day of March, 2020, at Topeka, Kansas.

s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge